"O"

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

OCT 19 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| SARA AVILA and TIM AVILA,<br><br>Plaintiff,<br><br>vs.<br><br>STEARNS LENDING, INC.;<br>INDYMAC BANCORP, INC.; and<br>DOES 1 through 10, inclusive,<br><br>Defendant. | CASE NO. CV08-0419 AG CT<br>Assigned to Hon. Andrew J. Guilford<br><br>AND<br><br>CASE NO. CV08-0674 AG CT<br>Assigned to Hon. Andrew J. Guilford<br><br>[PROPOSED]<br>**ORDER AND FINAL JUDGMENT** |
| DARLENE BAGSBY,<br><br>Plaintiff,<br><br>vs.<br><br>STEARNS LENDING, INC.,<br><br>Defendant. | |

208261_2.DOC

On the 19th day of October, 2009, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against Defendant Stearns Lending, Inc. in the Complaint now pending in this Court under the above caption, including the release of Stearns Lending, Inc., and should be approved; and (2) whether judgment should be entered dismissing the claims against Stearns Lending, Inc. with prejudice against all persons or entities who are members of the Class herein who have not requested exclusion therefrom.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all individuals in the United States of America who, between January 23, 2004 and March 1, 2009 ("the Class Period"), received an Option ARM loan originated by Stearns on a residence located in the United States of America, at their respective addresses set forth in their loan documents; and the Court having considered and determined the fairness and reasonableness of the settlement between Stearns Lending, Inc. and the Class; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all Class Members, and Defendant Stearns Lending, Inc.

2. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the

members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure this Court hereby finally certifies this action as a class action on behalf of all individuals in the United States of America who, between January 23, 2004 and March 1, 2009, received an Option ARM loan originated by Stearns on a residence located in the United States of America. Excluded from the Class are Stearns's employees, officers, directors, agents, representatives, and their family members. Also excluded from the Class are the persons and/or entities who requested exclusion from the Class as listed on Exhibit 1 annexed hereto.

4. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5. The Settlement is approved as fair, reasonable and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6. Stearns Lending, Inc., its successors and assigns are hereby permanently enjoined from issuing any Option Adjustable Rate Mortgage without making each of the following disclosures on the Truth in Lending Disclosure Statement supplied to borrowers at the time required by law:

    a. That negative amortization *will certainly* occur if the borrower makes payments according to the payment schedule supplied;

   b.   The length of time the initial interest rate is applicable to the loan in the following form: "This loan features a discounted interest rate. That discount rate is the __% rate reflected in paragraph __ of the Promissory Note. That discounted rate is applicable only for the first __ days of the loan period."

   c.   That the discounted interest rate *will certainly* increase on the first interest rate change date;

   d.   The monthly additions to principal that will occur in the event the borrower makes payments according to the payment schedule supplied;[1]  and

   e.   That the payment schedule included in the Truth in Lending Disclosure Statement is not based on the interest rate actually applicable to the loan, but instead is based upon the initial interest rate.

However, nothing in this Order shall be deemed to require Stearns to issue or sell Option ARM home loans.

7.   Stearns Lending, Inc. is hereby dismissed with prejudice as a defendant in this action and without costs, except as provided in the Stipulation.

8.   Members of the Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, demands, causes of action, disputes, debts, damages, losses, obligations, and liabilities of any kind whatsoever, whether known or unknown, suspected or unsuspected, that have accrued against Stearns Lending, Inc. only at any time up to and including the date of this Order that have been

---

[1] This disclosure is to be made in the following format:

| Number of Payments | Amount of Payment | Interest Actually Accruing Assuming No Change In Index | Amount to Be Added to Principal if Payments are Made According to this Schedule |
|---|---|---|---|

208261_2.DOC                                       -3-

ORDER AND FINAL JUDGMENT

asserted in the Complaint, or that constitute or arise out of alleged violations or breaches of the Truth in Lending Act, 15 U.S.C. §1601, *et seq*, the Federal Reserve Board implementing regulations for that Act, or California common law caused by alleged failures to disclose information concerning the true terms of Option ARM loans sold or issued by Stearns. The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against Stearns Lending, Inc. on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

9. Stearns Lending, Inc., its successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, demands, causes of action, disputes, debts, damages, losses, obligations, and liabilities of any kind whatsoever, known or unknown, suspected or unsuspected, against Plaintiffs or Plaintiffs' counsel arising from or related to the initiation or conduct of the Actions. (the "Settled Defendant's Claims"). The Settled Defendants' Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

10. Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against Stearns Lending, Inc. as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Stearns Lending, Inc. with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Stearns Lending, Inc;

1        (b)    offered or received against Stearns Lending, Inc. as evidence of
2    a presumption, concession or admission of any fault, misrepresentation or omission
3    with respect to any statement or written document approved or made by Stearns
4    Lending, Inc;
5        (c)    offered or received against Stearns Lending, Inc. as evidence of
6    a presumption, concession or admission with respect to any liability, negligence,
7    fault or wrongdoing, or in any way referred to for any other reason as against
8    Stearns Lending, Inc., in any other civil, criminal or administrative action or
9    proceeding, other than such proceedings as may be necessary to effectuate the
10   provisions of this Stipulation; provided, however, that if this Stipulation is
11   approved by the Court, Stearns Lending, Inc. may refer to it to effectuate the
12   liability protection granted to it hereunder;
13       (d)    construed against Stearns Lending, Inc. as an admission or
14   concession that the consideration to be given hereunder represents the amount
15   which could be or would have been recovered after trial; or
16       (e)    construed as or received in evidence as an admission,
17   concession or presumption against Lead Plaintiffs or any of the Class Members that
18   any of their claims are without merit, or that any defenses asserted by Stearns
19   Lending, Inc. have any merit, or that damages recoverable under the Complaint
20   would not have exceeded the Gross Settlement Fund.
21       11.    The Court finds that all parties and their counsel have complied with
22   each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all
23   proceedings herein.
24       12.    The Court finds that the settlement amount of $100,000 is fair and
25   reasonable and that the injunctive relief ordered herein is appropriate.
26       13.    The Court finds that the settlement reached between Stearns Lending,
27   Inc., Plaintiffs and the Class Members constitutes a good faith settlement within the
28   meaning of California Code of Civil Procedure section 877. Although the amount

1  of the settlement may be less than Stearns Lending, Inc.'s proportionate liability for
2  the claims asserted against it in this action, it is at least equal to the total that likely
3  could be recovered from Stearns Lending due to its financial condition and the
4  unavailability of any insurance to pay any portion of an award of damages against
5  it. Further, the Court finds that there has been no collusion, fraud, or tortious
6  conduct aimed to injure the interests of non-settling defendants.

7      14.    The Court approves the use of settlement proceeds to be applied to pay
8  expenses of copying or scanning the Option ARM loan files of the Class Members
9  in Stearns Lending, Inc.'s possession, custody or control, and for skip tracing. In
10 addition, Tim and Sara Avila are hereby collectively awarded $2,500 to compensate
11 them for their time, effort and expense incurred as the named plaintiffs in this
12 action. Plaintiff Darlene Bagsby is also awarded $2,500 to compensate her for her
13 time, effort and expense incurred as a named plaintiff in this action. The remaining
14 settlement proceeds shall be deposited by Plaintiffs' counsel in an interest bearing
15 account and held there until further order of the Court.

16     15.    Exclusive jurisdiction is hereby retained over the parties and the Class
17 Members for all matters relating to this Action, including the administration,
18 interpretation, effectuation or enforcement of the Stipulation and this Order and
19 Final Judgment, enforcement of the permanent injunction entered herein against
20 Stearns Lending, Inc., and any application by Plaintiffs' counsel for fees and
21 expenses incurred in connection with this Action.

22     16.    Without further order of the Court, the parties may agree to reasonable
23 extensions of time to carry out any of the provisions of the Stipulation.

24     17.    There is no just reason for delay in the entry of this Order and Final
25 Judgment and immediate entry by the Clerk of the Court is expressly directed.

26 ///
27 ///
28 ///

1  18. Pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

2  Dated: OCT. 19, 2009



Honorable Andrew Guilford
UNITED STATES DISTRICT JUDGE

208261_2.DOC

-7-

**ORDER AND FINAL JUDGMENT**